IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA

BLUEFIELD DIVISION

**BLAKE SANDLAIN,**

       **Petitioner,**

v.                                           **Case No. 1:20-cv-00358**

**WARDEN C. MARUKA,**
FCI McDowell

       **Respondent.**

**PROPOSED FINDINGS AND RECOMMENDATIONS**

Pending before the Court is Petitioner Blake Sandlain's Petition for a Writ of Habeas Corpus pursuant to 28 U.S.C. § 2241, as well as his motion to expedite. (ECF Nos. 2, 35). Respondent has filed a response to the petition requesting that it be dismissed, or alternatively, construed as a motion under 28 U.S.C. § 2255 and transferred to another court. (ECF No. 19). This case is assigned to the Honorable David A. Faber, United States District Judge, and was referred to the undersigned United States Magistrate Judge by Standing Order for submission of proposed findings of fact and recommendations for disposition pursuant to 28 U.S.C. § 636(b)(1)(B). For the reasons that follow, the undersigned respectfully **RECOMMENDS** that the Petition for a Writ of Habeas Corpus pursuant to 28 U.S.C. § 2241 be **DENIED**, that Respondent's request for dismissal be **GRANTED**, and that this action be **DISMISSED**, with prejudice, and removed from the docket of the Court. Sandlain's motion to expedite, (ECF No. 35), is **DENIED** as moot.

1

I.     **<u>Factual and Procedural History</u>**

Blake Sandlain is an incarcerated person currently housed at FCI McDowell in Welch, West Virginia. A search of the Inmate Locator on the Federal Bureau of Prisons website reflects that Sandlain's projected release date is June 6, 2027.

A.     ***Proceedings in the Sentencing Court***

On January 8, 2015, Sandlain pled guilty in the United States District Court for the Eastern District of Michigan ("the Sentencing Court") to one count of illegal firearm possession and one drug-trafficking offense. *United States v. Sandlain*, Case No. 2:14-cr-20283 (E.D. Mich. May 21, 2015), ECF No. 44. He was sentenced to 120 and 180 months respectively for the charges, to be served concurrently, followed by a term of supervised release. *Id.* at ECF No. 52. On August 7, 2015, Sandlain filed a motion in the Sentencing Court to vacate his sentence under 28 U.S.C. § 2255. *Id.* at ECF No. 55. On August 26, 2015, the Sentencing Court denied the motion, but then on August 28, the same court issued an order withdrawing the denial and ordering the government to respond. *Id.* at ECF Nos. 58, 59. After the government responded in opposition to the motion, but before Sandlain was able to reply, the Sentencing Court again denied the § 2255 motion. *Id.* ECF Nos. 72, 73. Sandlain appealed this decision to the United States Court of Appeals for the Sixth Circuit ("Sixth Circuit"), which affirmed the Sentencing Court's decision. Sandlain's petition for a writ of certiorari to the Supreme Court of the United States was denied. *Id.* at ECF Nos. 76, 84, 85.

After obtaining permission from the Sixth Circuit, Sandlain filed a second § 2255 motion in the Sentencing Court on December 1, 2016. *Id.* at ECF No. 87. On May 12, 2017, that motion was denied. *Id.* at ECF Nos. 108, 109. Sandlain did not appeal the denial of his second § 2255 motion; however, the challenges to his conviction and sentence did not

2

end there. In addition to the two motions to vacate, Sandlain filed several Rule 60(b) motions, as well as a motion for a writ of *audita querela* in the Sentencing Court. *Sandlain*, Case No. 2:14-cr-20283, ECF Nos. 103, 105, 112, 115, 123, 128. These motions were uniformly denied. Thereafter, Sandlain filed a § 2241 petition in the District of Kansas, *Sandlain v. English,* Case No. 5:17-cv-01303 (D. Kan. June 23, 2017), and several § 2241 petitions in the Western District of Louisiana. *Sandlain v. Johnson*, Case No. 1:17-cv-1546 (W.D. La. Nov. 275, 2017); *Sandlain v. Jones,* 1:18-cv-00717 (W.D. La. May 29, 2018); and *Sandlain v. Jones,* Case No. 1:18-cv-01084 (W.D. La. Aug. 21, 2018). None of these proceedings ended favorably for Sandlain.

### B.     *Proceedings in this Court*

The instant petition is not the first occasion since he has been incarcerated in this judicial district that Sandlain has asked for relief under § 2241. Sandlain has sought relief through a § 2241 petition in this Court four other times, asserting various claims. *See generally Sandlain v. Rickard*, No. 1:19-cv-00025 (S.D.W. Va. Sept. 25, 2019); *Sandlain v. Rickard*, No. 1:19-cv-00072 (S.D.W. Va. February 24, 2020); *Sandlain v. (FCI) Mcdowell Warden*, No. 1:20-cv-00273 (S.D.W. Va. July 31, 2020); *Sandlain v. Warden*, No. 1:20-cv-00424 (S.D. W. Va.). As of yet, none of these petitions have proven successful when addressed on the merits.

On May 22, 2020, Sandlain filed the instant petition under § 2241. (ECF No. 2). Therein, he explains that in 2015 he filed a motion under 28 U.S.C. § 2255 in the Sentencing Court, a motion which was denied before he was able to reply to the government's arguments in response. (*Id.* at 2–3). According to Sandlain, this rendered his remedy under § 2255 "inadequate and ineffective" because he did not get notice of his opportunity to respond, and the Sentencing Court did not read his reply arguments before

3

it entered an order denying the motion. (*Id.* at 3). He cites to the Supreme Court's decision in *United States v. Hayman*, 342 U.S. 205 (1952), and argues that the case supports his position that "the warden here at (FCI) McDowell is incarcerating [him] in violation of his constitutional right to due process to be heard." (*Id.* at 4). He claims that his first round of collateral review was foreclosed by the Sentencing Court's errors, and he cannot bring a second or successive § 2255 motion and does not qualify under the four-prong test created by the Fourth Circuit in *United States v. Wheeler*, 886 F.3d 415 (4th Cir. 2018), which governs the application of the savings clause under § 2255. (*Id.* at 4–5). Sandlain contends that the "situation that created the inadequate or ineffective happened through no fault of [his own]," and has deprived him of a source of redress. (*Id.* at 5).

Respondent filed a response to Sandlain's complaint on September 25, 2020. (ECF No. 19). He requests that the Court dismiss or construe Sandlain's petition as a § 2255 motion and transfer it to the Sentencing Court. (*Id.* at 1). He argues that Sandlain's claims are not properly brought in a petition under § 2241 as he challenges the imposition rather than the execution of his sentence. (*Id.* at 4–5). Because, as Sandlain admits, he does not qualify to use the savings clause provision of § 2255(e), which would permit him to challenge his sentence or conviction under § 2241, Respondent contends that the petition is improper. (*Id.* at 6–7). In addition, Respondent contends that Sandlain's petition is untimely because he did not file this claim within one year of his judgment becoming final, and offers no reason for the delay. (*Id.* at 7). Finally, Respondent asserts that Sandlain cannot properly state a due process claim given that he has no absolute constitutional right to file a reply to a response in a § 2255 proceeding. (*Id.*).

On October 19, 2020, Sandlain filed a so-called "Motion to Oppose the Government Request that Petitioner (sic) 2241 is Denied/And Request That the Writ of

Habeas Corpus Issue." (ECF No. 21). In this filing, he reiterates his claim that the Sentencing Court denied his first motion under § 2255 without first considering his reply to the government's response. (*Id.* at 2–3). Sandlain argues that his petition is cognizable and the writ may be granted because of the effect of the Supreme Court's decision in *Hayman*. (*Id.* at 4–5). He claims that as the one-year statute of limitations has passed, it would be futile to transfer his petition to the Sentencing Court. (*Id.* at 5). Further, he notes, his claims would not be available under § 2255 because he does not meet the other requirements for a second or successive petition. (*Id.*). In addition, Sandlain restates his position that his claim does not qualify under the savings clause, and therefore § 2255 is inadequate or ineffective to test his claim. (*Id.* at 6). In conclusion, Sandlain restates his reasons arguing that his claim be permitted to go forward. (*Id.* at 6–8). He requests to be brought before the Court for an evidentiary hearing. (*Id.* at 8).

After obtaining permission from the Court to do so, Sandlain filed additional arguments on March 17, 2021. (ECF No. 30). Therein, he largely restates his argument concerning *Hayman*, repeating his contention that the Sentencing Court's failure to read his reply before denying his first § 2255 motion renders his current incarceration violative of his right to due process. (*Id.* at 2–3). He also argues that any constitutional problem that could arise as to the § 2255 statute can be avoided in determining his claim. (*Id.* at 4). Sandlain concludes by asserting that his claim is outside the scope of § 2255 and is properly brought under § 2241. (*Id.* at 4–5).

## II. <u>Standard of Review</u>

Respondent requests that Petitioner's § 2241 petition be dismissed or transferred to Sandlain's court of conviction. (ECF No. 19 at 1). Respondent does not articulate under which rule's authority he seeks dismissal but presumably this request is made pursuant

5

to Federal Rule of Civil Procedure 12(b)(6). Because Respondent filed a Response concurrently with his motion to dismiss, the motion technically should be considered as one for judgment on the pleadings under Federal Rule of Civil Procedure 12(c). *See Walker v. Kelly*, 589 F.3d 127, 139 (4th Cir. 2009). However, the distinction makes no practical difference as the same standard of review applies to motions to dismiss under Rule 12(b)(6) and motions for judgment on the pleadings under Rule 12(c), and both motions may be filed in habeas actions. *Id.* at 138-39; *see also Martin v. U.S. Parole Comm'n*, No. CV PWG-17-3335, 2018 WL 2135009, at *1 (D. Md. May 9, 2018).

When deciding a motion for judgment on the pleadings, the court must accept all well-pleaded allegations of the petition as true and "draw all reasonable factual inferences" in favor of the petitioner. *See Massey v. Ojaniit*, 759 F.3d 343, 353 (4th Cir. 2014); *Wolfe v. Johnson*, 565 F.3d 140, 169 (4th Cir. 2009). Nonetheless, the court is "not obliged to accept allegations that 'represent unwarranted inferences, unreasonable conclusions, or arguments,' or that 'contradict matters properly subject to judicial notice or by exhibit.'" *Massey*, 759 F.3d at 353 (quoting *Blankenship v. Manchin*, 471 F.3d 523, 529 (4th Cir. 2006)). A court presented with a motion for judgment on the pleadings in a federal habeas case must consider "the face of the petition and any attached exhibits." *Walker*, 589 F.3d at 139 (quoting *Wolfe*, 565 F.3d at 169) (internal markings omitted). In addition, the court may consider "matters of public record," including documents from prior or pending court proceedings, when resolving the motion without converting it into a motion for summary judgment. *Id.* The Court "may also consider documents attached to the complaint … as well as those attached to the motion to dismiss, so long as they are integral to the complaint and authentic." *Philips v. Pitt Cty. Mem'l Hosp.*, 572 F.3d 176, 180 (4th Cir. 2009).

6

### III. <u>**Discussion**</u>

Sandlain brings this action claiming that he is incarcerated in violation of the Constitution because the Sentencing Court denied his original § 2255 motion before he was able to file a reply to the respondent's arguments. (ECF No. 2 at 2–5). This, according to Sandlain, denied him due process and prevented him from utilizing § 2255 to challenge his judgment, thus rendering his current incarceration at FCI McDowell illegal. (*Id.*). He provides no other basis for his position that Respondent's incarceration of him is illegal, noting only that the Sentencing Court's actions rendered § 2255 "inadequate or ineffective" for him to address his claims. (ECF No. 21 at 6).

Sandlain relies on language from § 2255(e) in contending that relief under § 2241 is appropriate in this matter. Title 28 U.S.C. § 2255 is the exclusive remedy for challenging the validity of a federal judgment and sentence. *See In re Vial*, 115 F.3d 1192, 1194 (4th Cir. 1997). Although § 2241 provides a general grant of habeas corpus authority, the remedy under § 2241 is not an additional, alternative, or supplemental remedy to that prescribed under § 2255. To the contrary, "[i]t is only when '§ 2255 proves inadequate or ineffective to test the legality of detention,' that a federal prisoner may pursue habeas relief under § 2241." *Rice v. Rivera*, 617 F.3d 802, 807 (4th Cir. 2010) (citation omitted); *see also In re Jones*, 226 F.3d 328, 333 (4th Cir. 2000) (stating that in "a limited number of circumstances," § 2255 is inadequate to test the legality of the prisoner's detention, and accordingly, the prisoner may file a habeas petition under § 2241). The "savings clause," found at 28 U.S.C. § 2255(e), occasionally allows a § 2241 petition to take the place of a § 2255 motion, but not "merely ... because an individual is procedurally barred from filing a Section 2255 motion," *In re Vial*, 115 F.3d at 1194 n.5, nor simply because relief is unavailable due to the gatekeeping provisions of § 2255. *Young v. Conley*, 128 F. Supp.

2d 354, 357 (S.D.W. Va. 2001). Rather, the savings clause creates a narrow opening through which a petitioner may pass when the claim that the person's conviction is illegal has all three of the following characteristics: (1) at the time of his conviction, the settled law of the circuit or the Supreme Court established the legality of his conviction; (2) subsequent to his direct appeal and first § 2255 motion, the substantive law changed such that the conduct of which he was convicted is now deemed not to be criminal; and (3) he cannot satisfy the gatekeeping provisions of § 2255 because the new rule is not one of constitutional law. *In re Jones*, 226 F.3d at 333-34. The petitioner bears the burden of establishing that a § 2255 motion is inadequate or ineffective by satisfying the *Jones* criteria. *See Hood v. United States*, 13 F. App'x 72, 2001 WL 648636, at *1 (4th Cir. 2001); *McGhee v. Hanberry*, 604 F.2d 9, 10 (5th Cir. 1979); *Hayes v. Ziegler*, No. 5:11-cv-00261, 2014 WL 670850 (S.D.W. Va. Feb. 20, 2014), *aff'd*, 573 F. App'x 268 (4th Cir. 2014).

In addition, a petitioner wishing to challenge the validity of his sentence under § 2241 using the savings clause in § 2255 must show that the claim meets the four-prong test outlined in *United States v. Wheeler*, 886 F.3d 415, 429 (4th Cir. 2018). Under *Wheeler*, a petitioner may utilize the savings clause to challenge a sentence when:

> (1) at the time of sentencing, settled law of this circuit or the Supreme Court established the legality of the sentence; (2) subsequent to the prisoner's direct appeal and first § 2255 motion, the aforementioned settled substantive law changed and was deemed to apply retroactively on collateral review; (3) the prisoner is unable to meet the gatekeeping provisions of § 2255(h)(2) for second or successive motions; and (4) due to this retroactive change, the sentence now presents an error sufficiently grave to be deemed a fundamental defect.

Sandlain acknowledges throughout his filings that his claim does not meet the requirements under *Jones* or *Wheeler* to qualify for relief through the savings clause. Sandlain's claim appears not to challenge the validity of his conviction or sentence, but rather his continued incarceration after an alleged deprivation of his due process rights

8

based on the denial of his § 2255 motion in the Sentencing Court. He does not explain, however, why any aspect of his incarceration is illegal, contending only that his § 2255 motion was decided without consideration of his reply brief and § 2255 is an inadequate or ineffective remedy. This confuses the purpose of the § 2255(e) savings clause. The savings clause does not render a person's incarceration illegal when relief under § 2255 is unavailable due to gatekeeping provisions, but rather provides a narrow opportunity for some § 2255 claims to be heard in a § 2241 petition *if,* at least in this circuit, the claims satisfy the criteria required by *Jones* or *Wheeler*. Lack of availability of a remedy under § 2255 is not itself a deprivation of a right that justifies relief under § 2241.

According to the Sentencing Court's docket sheet, Sandlain is correct that the Sentencing Court rendered a decision on his first § 2255 motion without considering his reply to the Government's response. This fact alone does not illegitimize Sandlain's incarceration under federal law or the Constitution. Sandlain's procedural due process claim is not properly brought in this Court, and, in any event, is without merit. In order to succeed on a procedural due process claim, Sandlain must make a showing of prejudice. *See Rusu v. INS*, 296 F.3d 316, 324 (4th Cir.2002); *see also Akinkoye v. Ashcroft*, 100 F. App'x 133, 134 (4th Cir. 2004) (holding that failure to allow appellant to file a separate brief before adjudication did not constitute prejudicial error); *Tomasello v. Greenzweig*, 461 F. Supp. 3d 302, 315 (E.D. Va. 2020) (dismissing a 42 U.S.C. § 1983 civil rights claim because of a lack of authority for a substantive constitutional "right to file" in a state court action). Sandlain does not offer any argument that would demonstrate that the outcome of his § 2255 motion would have been different if the Sentencing Court had considered his reply brief before issuing a decision. Furthermore, Respondent notes correctly that no court has held that a § 2255 movant has an absolute right to file a reply brief before the

Court issues a decision. (ECF No. 19 at 7). It is therefore unclear how the Sentencing Court's failure to consider the reply brief implicates Sandlain's due process rights, but even if a procedural error occurred in his initial § 2255 motion, Sandlain was not without redress; he could have, but did not, raise the issue on direct appeal of the denial of his § 2255 motion. *United States v. Sandlain*, Case No. 2:14-cr-20283 (E.D. Mich. May 21, 2015), at ECF No. 76. He likewise did not raise the issue in his second § 2255 motion. *Id.* at 87. This Court does not stand in review of the Sentencing Court's ruling on Sandlain's § 2255 motion, and any error of the Sentencing Court in that matter does not render Sandlain's current incarceration illegal.

Sandlain relies on *United States v. Hayman*, 342 U.S. 205 (1952) throughout his filings, insisting that the case shows he is entitled to relief. However, *Hayman* has no application in this matter. The case concerned the constitutionality of § 2255 generally, and the Supreme Court provided a ruling to resolve a split among the Courts of Appeals about the validity of § 2255. *Hayman* at 210. Also at issue was the district court's ruling on Hayman's § 2255 motion by conducting an evidentiary hearing on a factual dispute without Hayman present. *Id.* at 208–09. While the Supreme Court remanded to the district court for further proceedings, the Court made no finding that failure to secure Hayman's presence at the hearing violated his due process rights. The factual scenario and issues presented in *Hayman* starkly contrast with the case advanced by Sandlain in this matter. Accordingly, the undersigned **FINDS** that this petition should be dismissed because it fails to state a claim for relief under § 2241.

To the extent that Sandlain seeks to challenge his underlying conviction and sentence, it is undisputed that he is not entitled to do so in a § 2241 petition because he does not meet the requirements of the savings clause in § 2255(e) as explained in *Jones*

10

and *Wheeler*. Sandlain has conceded that to transfer his petition as a § 2255 motion would be futile, (ECF No. 21 at 5), and the undersigned agrees in light of the numerous filings submitted by Sandlain in both the Sentencing Court and other district and appellate courts. Therefore, the undersigned **FINDS** that the interest of justice would not be served by construing the petition as a motion under § 2255 and transferring it to the Sentencing Court. Instead, this action should be dismissed outright for failure to state a claim under § 2241.

## IV. Proposal and Recommendations

For the aforementioned reasons, the undersigned respectfully **PROPOSES** that the District Court confirm and accept the foregoing findings and **RECOMMENDS** that Sandlain's Petition for a Writ of Habeas Corpus Pursuant to 28 U.S.C. § 2241, (ECF No. 2), be **DENIED**; Respondent's request for dismissal, (ECF No. 19), be **GRANTED**; and this action be **DISMISSED,** with prejudice, and removed from the docket of the Court.

The parties are notified that this "Proposed Findings and Recommendations" is hereby **FILED**, and a copy will be submitted to the Honorable David A. Faber, United States District Judge. Pursuant to the provisions of Title 28, United States Code, Section 636(b)(1)(B), and Rules 6(d) and 72(b), Federal Rules of Civil Procedure, the parties shall have fourteen days (filing of objections) and three days (if received by mail) from the date of filing this "Proposed Findings and Recommendations" within which to file with the Clerk of this Court, specific written objections, identifying the portions of the "Proposed Findings and Recommendations" to which objection is made and the basis of such objection. Extension of this time period may be granted by the presiding District Judge for good cause shown.

Failure to file written objections as set forth above shall constitute a waiver of *de novo* review by the District Court and a waiver of appellate review by the Circuit Court of Appeals. *Snyder v. Ridenour*, 889 F.2d 1363 (4th Cir. 1989); *Thomas v. Arn*, 474 U.S. 140 (1985); *Wright v. Collins*, 766 F.2d 841 (4th Cir. 1985); *United States v. Schronce*, 727 F.2d 91 (4th Cir. 1984). Copies of such objections shall be provided to the opposing party, Judge Faber, and Magistrate Judge Eifert.

The Clerk is instructed to provide a copy of this "Proposed Findings and Recommendations" to Petitioner and counsel of record.

**FILED:** June 1, 2021

Cheryl A. Eifert
United States Magistrate Judge