IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA
AT BLUEFIELD

BLAKE SANDLAIN,

    Petitioner,

v.                                        CIVIL ACTION NO. 1:20-00358

WARDEN C. MARUKA,
FCI McDowell

    Respondent.

## MEMORANDUM OPINION AND ORDER

By Standing Order, this action was referred to United States Magistrate Judge Cheryl A. Eifert for submission of findings and recommendation regarding disposition pursuant to 28 U.S.C. § 636(b)(1)(B). Magistrate Judge Eifert submitted to the court her Proposed Findings and Recommendation ("PF&R") on June 1, 2021, in which she recommended that the court deny petitioner's Petition for a Writ of Habeas Corpus Pursuant to 28 U.S.C. § 2241, (ECF No. 2); grant respondent's request for dismissal (ECF No. 19); and dismiss this action, with prejudice, and remove it from the docket of the court. (ECF No. 36.)

In accordance with the provisions of 28 U.S.C. § 636(b), the parties were allotted fourteen days and three mailing days in which to file objections to the PF&R. The failure of any party to file such objections within the time allowed constitutes a waiver of such party's right to a de novo review

by this court. Snyder v. Ridenour, 889 F.2d 1363 (4th Cir. 1989).

On September 2, 2020, petitioner filed "Motion to Request Proposed Findings and Recommendations Is Denied/and Requesting That the Writ of Habeas Corpus Is Granted," which the court will construe as objections.[1]  In his objections, petitioner renews his argument that because the sentencing court ruled on his first motion under 28 U.S.C. § 2255 without the benefit of a reply brief from him, § 2255 is inadequate or ineffective to test the legality of his detention, which is, he further argues, illegal (again because he did not get to file a reply brief). Apparently, petitioner attempts to use the denial of an opportunity to file a reply brief on his § 2255 motion both as a means of activating the savings clause and as a means of securing habeas relief on the merits.

The PF&R observes petitioner's concession that he does not meet the savings clause tests in either In re Jones, 226 F.3d 328, 333 (4th Cir. 2000) (for a challenge to a conviction) United States v. Wheeler, 886 F.3d 415 (4th Cir. 2018) (for a challenge to a sentence).[2]  Petitioner's objections do not

---

[1] Postmarked June 14, 2021.

[2] The petition acknowledges as follows:  "Further, due to the fact that Petitioner cannot address the issue through 2255(e) savings clause, because Petitioner has to be able to meet the four prong prerequisite pursuant to [Wheeler]."  (ECF No. 2, at

2

dispute this observation, which is dispositive because the savings clause requirements are jurisdictional. Wheeler, 886 F.3d at 429.

Petitioner states in his objections that he "is not collaterally attacking his sentence." (ECF No. 38, at 3.) His "quarrel is not with the sentence imposed, but rather with a miscarriage of Justice that has surfaced which is within the courts reach pursuant to 28 U.S.C. 2241(a)(c)(3) to correct." (Id.) Because petitioner does not dispute that his present incarceration is pursuant to a valid sentence, his attempt to use § 2241 to gain release from purportedly illegal custody is necessarily a challenge to his underlying conviction and sentence. As such, petitioner must establish that the savings clause applies. Other than to argue (implicitly) for a different definition of inadequacy or ineffectiveness than those that the Fourth Circuit Court of Appeals announced in Jones and Wheeler, petitioner makes no attempt to show how the savings clause applies.

In summary, this is a challenge to a conviction or sentence, so the savings clause must apply for the court to have jurisdiction under § 2241. The savings clause applies if the criteria in Jones or Wheeler are satisfied. The facts presented

---

5.) He makes a nearly identical statement in his reply brief. (ECF No. 21, at 5.)

here (that petitioner was unable to file a reply brief in his first § 2255 motion) do not meet the tests in Jones or Wheeler. Therefore, this court lacks jurisdiction over the § 2241 petition.

The objections being unresponsive to the threshold jurisdictional issue, they are **OVERRULED,** and the court adopts the Findings and Recommendation of Magistrate Judge Eifert as follows:  Respondent's request for dismissal (ECF No. 19) is **GRANTED**; and Petitioner's Petition for a Writ of Habeas Corpus Pursuant to 28 U.S.C. § 2241 (ECF No. 2) is **DISMISSED** for lack of jurisdiction, and this matter is removed from the docket of the court.[3]  Given this disposition, the court **DENIES** as moot petitioner's motion for an evidentiary hearing (ECF No. 37) and motion to stay proceedings (ECF No. 39).

Additionally, the court has considered whether to grant a certificate of appealability.  See 28 U.S.C. § 2253(c).  A certificate will not be granted unless there is "a substantial showing of the denial of a constitutional right."  28 U.S.C.

---

[3] The court declines to adopt the PF&R's recommendation to deny the petition and to dismiss this action with prejudice. Instead, the court dismisses this action without prejudice for lack of jurisdiction. See Buey v. Warden, FCI McDowell, No. 20-7483, 2021 WL 753610, at *1 (4th Cir. Feb. 26, 2021) (modifying dismissal order to reflect a dismissal without prejudice for lack of jurisdiction); see also United States v. Wheeler, 886 F.3d 415, 423 (4th Cir. 2018) ("[T]he savings clause is a jurisdictional provision.").

4

§ 2253(c)(2).  The standard is satisfied only upon a showing that reasonable jurists would find that any assessment of the constitutional claims by this court is debatable or wrong and that any dispositive procedural ruling is likewise debatable. Miller-El v. Cockrell, 537 U.S. 322, 336-38 (2003); Slack v. McDaniel, 529 U.S. 473, 484 (2000); Rose v. Lee, 252 F.3d 676, 683-84 (4th Cir. 2001).  The court concludes that the governing standard is not satisfied in this instance.  Accordingly, the court **DENIES** a certificate of appealability.

The Clerk is directed to send a copy of this Memorandum Opinion and Order to counsel of record and any unrepresented parties.

**IT IS SO ORDERED** this 25th day of January, 2022.

ENTER:

*David A. Faber* (signature)

David A. Faber
Senior United States District Judge