```
        IN THE UNITED STATES DISTRICT COURT
     FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA
                   AT BLUEFIELD
```

BLAKE SANDLAIN,

    Petitioner,

v.                               CIVIL ACTION NO. 1:20-00358

WARDEN C. MARUKA,
FCI McDowell

    Respondent.

## MEMORANDUM OPINION AND ORDER

Pending before the court is petitioner's motion for reconsideration of the court's memorandum opinion and order and judgment order of January 25, 2022 (ECF Nos. 40-41), dismissing his § 2241 petition for lack of jurisdiction. (ECF No. 43.) For the reasons discussed below, the court will deny the motion.

Concerning the propriety of granting a motion to alter or amend a judgment under Rule 59(e), the United States Court of Appeals for the Fourth Circuit has stated that "a district court has the discretion to grant a Rule 59(e) motion only in very narrow circumstances: '(1) to accommodate an intervening change in controlling law; (2) to account for new evidence not available at trial; or (3) to correct a clear error of law or to prevent manifest injustice.'" Hill v. Braxton, 277 F.3d 701, 708 (4th Cir. 2002) (quoting Collison v. Int'l Chemical Workers Union, 34 F.3d 233, 236 (4th Cir.1994)); see also United States

ex rel. Becker v. Westinghouse Savannah River Co., 305 F.3d 284, 290 (4th Cir. 2002).

The circumstances under which this type of motion may be granted are so limited that "[c]ommentators observe 'because of the narrow purposes for which they are intended, Rule 59(e) motions typically are denied.'" Woodrum v. Thomas Mem'l. Hosp. Found., Inc., 186 F.R.D. 350, 351 (S.D.W. Va. 1999) (citation omitted).

> Rule 59(e) motions may not be used, however, to raise arguments which could have been raised prior to the issuance of the judgment, nor may they be used to argue a case under a novel legal theory that the party had the ability to address in the first instance.

Pac. Ins. Co. v. Am. Nat. Fire Ins., 148 F.3d 396, 403 (4th Cir. 1998). "[M]ere disagreement" with a court's legal analysis "does not support a Rule 59(e) motion." Hutchinson v. Staton, 994 F.2d 1076, 1082 (4th Cir. 1993).

Petitioner's motion does not fall within the limited circumstances under which a Rule 59(e) motion may be granted as enunciated by the Fourth Circuit. Petitioner has identified no new law or new evidence bearing on his case; nor has he identified a clear error of law. Instead, petitioner argues that binding Fourth Circuit case law, which requires the dismissal of his petition for lack of jurisdiction, is unconstitutional. Even if this were an appropriate basis for reconsideration, the court would reject petitioner's arguments.

For the foregoing reasons, petitioner's motion (ECF No. 43) is **DENIED**. The Clerk is directed to send a copy of this Memorandum Opinion and Order to counsel of record and any unrepresented parties.

**IT IS SO ORDERED** this 14th day of February, 2022.

>	ENTER:
>
>	*David A. Faber*
>	David A. Faber
>	Senior United States District Judge